UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00295-MR

| ROMEAL BRICE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | <u>ORDER</u> |
|  | ) |  |
| FNU MARLOWE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Romeal Brice is a pretrial detainee currently incarcerated at Gaston County Jail (the "Jail") in Gastonia, North Carolina. He filed this action on June 22, 2021, pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Marlowe, identified as a Deputy at the Gaston County Sheriff's Office ("Sheriff's Office"); Alan Cloninger, identified as the Sheriff of Gaston County; and the Sheriff's Office.[1]  [Doc. 6 at 2-3]. Plaintiff sues

---

[1] Plaintiff names the Sheriff's Office as the Sheriff's "Department/Jail." [Doc. 1 at 3]. To the extent Plaintiff also intends to sue the Gaston County Jail, the Court addresses this claim below.

Defendants Marlowe and Cloninger in their individual and official capacities and purports to sue Defendant Sheriff's Office in these capacities as well. [Id.]. Plaintiff alleges that on May 23, 2021 between 10:30 a.m. and 12 p.m. in F-Block at Gaston County Jail the following occurred.

> Deputy/Jailer Marlowe told me to go to my cell before he beats my ass. Marlowe started to walk towards me in a vengeful, raging manner. I was afraid of what he might do so I ran to my cell. Marlowe chase me stating "I'm going to beat your ass boy." I ran inside my cell closed the door and lay facedown on the ground with my arms spread out in surrender. Marlow came into my cell, dropped both his knees in my back and while handcuffing me he delivered blows to my sides, ribs, and back of my head. I yelled out that he was beating me and he started to mush my head and face to the cement floor while delivering blows to my ribs, calling me a bitch. He tightened handcuffs, while twisting and squeezing my already injured left hand wrist, and arm. I yelled out he was hurting me, he lifted me off the ground and marched me out of the dorm down to booking the whole time squeezing, and twisting my arms and wrist very painfully. I told him I have nerve damage in my left wrist and arm due to having surgery for a K-9 crushing my bones. That only made him use more force on my arm maliciously squeezing, twisting, and tightening cuffs.

[Doc. 1 at 5-6, 8 (errors uncorrected)]. Plaintiff alleges that Defendant Cloninger "is the Sheriff and condones in the actions of his employees, and is held accountable for there actions." [Doc. 1 at 8 (errors uncorrected)]. As to Defendant Sheriff's Office, Plaintiff alleges that it is "overall held

2

Case 3:21-cv-00295-MR    Document 10    Filed 09/07/21    Page 2 of 7

accountable for the actions taken against [Plaintiff]." [Id.]. Plaintiff makes no allegations specific to the Gaston County Jail. [See Doc. 1].

Plaintiff claims that this conduct violated his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment and excessive force. [Id. at 3].

Plaintiff claims that he suffered physical and emotional injury from the assault by Defendant Marlowe and that he requested, but was denied, immediate medical attention. He claims he was "told to fill out a sick call, that would take days to be seen on, and cost [Plaintiff] $20." Plaintiff alleges that as of June 16, 2021, he had not been treated or seen by a doctor. [Id. at 7]. Plaintiff seeks monetary relief. [Id. at 6].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

3

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force

claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendant Marlowe under the Fourteenth Amendment based on the use of excessive force. Plaintiff's excessive force claim under the Eighth Amendment, however, will be dismissed. The Eighth Amendment does not apply to pre-trial detainees as Plaintiff here. See Kingsley, 576 U.S. at 395-97.

Plaintiff has failed to state a claim against Defendants Cloninger and Sheriff's Office. Defendant Sheriff's Office is not a "person" subject to suit under § 1983.[2] See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Furthermore, Defendant Cloninger is named only in his supervisory capacity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that liability under § 1983 is personal in nature, and the doctrine of respondeat superior does not apply). The Court will, therefore,

---

[2] Gaston County Jail would also be dismissed as a Defendant on this ground, to the extent Plaintiff intended to name it as a Defendant.

dismiss Defendants Cloninger, Sheriff's Office, and Gaston County Jail on initial review.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Marlowe for violation of Plaintiff's Fourteenth Amendment rights based on the use of excessive force survives initial review. Plaintiff's Eighth Amendment claim and Defendants Cloninger, Sheriff's Office, and Gaston County Jail are dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that Defendants Alan Cloninger, Gaston County Sheriff's Department, and Gaston County Jail and Plaintiff's claim based on the violation of his rights under the Eighth Amendment are **DISMISSED** on initial review under 28 U.S.C. § 1915(e).

The Clerk of Court is instructed to mail a blank summons to Plaintiff to fill out and identify Defendant Marlowe for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendant Marlowe. When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendant Marlowe.

The Clerk is also instructed to update the docket in this matter to reflect Plaintiff's correct NCDPS Offender Number, 0916918, and to mail Plaintiff a copy of Docket No. 7, which was returned as undeliverable.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge